UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAROL BAGLEY,

    Plaintiff,

v.                                                                          Case No. 2:05-cv-76
                                                                     HON. GORDON J. QUIST

J.C. PENNEY CORPORATION, INC.,

    Defendant.

_____/

**OPINION**

        In August of 2003, Carol Bagley had a hair appointment at the J.C. Penney hair salon in Escanaba, Michigan. Shortly after Ms. Bagley arrived, she went to her stylist's station, where she took off her glasses and put them on the counter. Bagley's hair was washed by the stylist. Thereafter, the stylist began to put a perm solution and curlers in Bagley's hair. After about 20 minutes passed, Bagley was asked to go back to the sink to have her hair rinsed. As Bagley got out of the chair, she maintains that she tripped on a cord on the floor, fell to the ground, and injured her shoulder. Thereafter, Bagley filed an action with the Delta County Circuit Court against defendant J.C. Penney Corporation, Inc. On the basis of diversity jurisdiction, the defendant J.C. Penney removed the case to this Court.

        By Opinion and Order issued on July 28, 2006, the Court denied defendant's motion for summary judgment. This matter is set for trial on November 6, 2006.[1] On September 29, 2005, a Case Management Order was issued requiring plaintiff to disclose her expert witnesses on or

---

[1] For reasons unrelated to the motion to strike pending before this Court, it is necessary to adjourn the trial date of November 6, 2006.

before February 1, 2006, and requiring defendant to disclose its expert witnesses on or before March 15, 2006. In addition, expert reports were required pursuant to Fed. R. Civ. P. 26(a)(2), plaintiff to defendant by March 8, 2006, defendant to plaintiff by April 19, 2006. Plaintiff failed to provide its expert witness list on February 1, 2006. Defendant did provide an expert witness list on March 15, 2006. Neither party provided expert witness reports. In July 2006, plaintiff's counsel realized that they had failed to file their expert witness list. The list was filed on July 14, 2006, identifying Dr. James J. Boes and Dr. David Toivonen as experts for plaintiff.

Defendant has filed a motion to strike plaintiff's experts and preclude submission of expert testimony as a result of plaintiff's failure to identify her testifying experts by the deadline set in the Case Management Order. Defendant maintains that its motion to strike is also supported by plaintiff's failure to file expert reports required by Fed. R. Civ. P. 26(a)(2), pursuant to the Case Management Order. The parties have briefed the matter and argument was held on September 12, 2006.

The Case Management Order issued by the undersigned required discovery to be completed by June 1, 2006. According to defendant, Rule 37 of the Federal Rules of Civil Procedure requires the Court to exclude plaintiff's expert testimony. There is no dispute that plaintiff failed to timely file her expert witness list as required by the Case Management Order. Plaintiff had identified Dr. Boes and Dr. Toivonen as her treating physicians in answers to interrogatories which were provided to defendant on November 9, 2005. See Answer No. 10. In addition, plaintiff provided defendant with authorizations providing defendant access to her medical records on that same date. See Interrogatories 16 and 23 and plaintiff's response to request for production of documents, Request No. 2. Thus, defendant has been aware of plaintiff's treating physicians since November of 2005 and had access to plaintiff's medical records. Plaintiff seeks to offer the

testimony of her treating physicians at trial regarding the nature and extent of the injuries suffered and her prognosis. Having carefully considered defendant's motion, as well as the need to adjust the schedule in this case, the undersigned concludes that defendant's motion to strike plaintiff's experts and preclude submission of expert testimony should be denied.

Defendant's counsel had knowledge of plaintiff's treating physicians as early as November of 2005 and had full access to plaintiff's medical records. The law firm representing defendant is very experienced in representing defendants in personal injury actions. The likelihood of the treating doctors testifying in this action cannot come as a surprise to defendant's counsel. The failure of plaintiff's counsel to file a timely expert witness list is unfortunate, but does not justify punishing plaintiff as requested by defendant.

In the opinion of the undersigned, plaintiff was not required to file expert reports for treating physicians. The Advisory Committee Notes to Federal Rule of Civil Procedure 26 indicate that a treating physician is generally not required to prepare an expert report as required by that rule. For the reasons stated by the Court in *Hall v. Sykes*, 164 F.R.D. 46 (E.D. Va. 1995), the Court finds that plaintiff was not under an obligation to provide defendant with expert reports for the treating physicians.

Defendant should not be penalized as a result of plaintiff's failure to adhere to the Case Management Order. Therefore, the Court will provide defendant with an opportunity to engage in discovery with respect to plaintiff's expert witnesses. In addition, defendant will be provided with an opportunity to amend its expert witness list. In addition, defendant will be relieved of the obligation to provide expert reports as required by Fed. R. Civ. P. 26(a)(2). By separate order of this date, a new trial date and new discovery deadline and related deadlines are being established. For the foregoing reasons, defendant's motion to strike plaintiff's experts and preclude submission of

expert testimony will be denied. However, because it was necessary for defendant to file this motion as a result of plaintiff's failure to file her expert witness list, the Court will award defendant its reasonable costs and expenses in presenting this motion to the Court.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 13, 2006